Justin G. Randall, Esq.
Nevada Bar No. 12476
GLEN LERNER INJURY ATTORNEYS
4795 South Durango Drive
Las Vegas, Nevada 89147
Telephone: (702) 877-1500
Facsimile: (702) 933-6309
E-mail: jrandall@glenlerner.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL EDWARD PATRON, individually,<br><br>Plaintiff,<br><br>v.<br><br>GEICO CASUALTY COMPANY, a Maryland company; DOES I- X, and ROE CORPORATIONS I - X, inclusive,<br><br>Defendant. | CASE NO.  2:17-cv-00337-MD-CWH<br><br>**PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION** |

Plaintiff MICHAEL EDWARD PATRON files this Motion to Remand Case to State Court for Lack of Subject Matter Jurisdiction. This response is based on the Declaration of Justin G. Randall (Exhibit 1), the following memorandum of points and authorities, the papers and pleadings on file with this Court, and the oral argument of the parties, if requested.

GLEN LERNER INJURY ATTORNEYS


By: ___/s/ Justin G. Randall_____
   Justin G. Randall, Esq.
   Nevada Bar No. 12476
   4795 South Durango Drive
   Las Vegas, Nevada 89147
   Attorneys for Plaintiff

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

In this insurance bad faith action, Plaintiff contacted Defendant to stipulate that the value of the case does not exceed $50,000.00. To date, Defendant has not responded to Plaintiff's request to stipulate to this value. Defendant has failed to overcome the presumption against this Court's jurisdiction and the action must be remanded to state court.

### II.    RELEVANT FACTS

On November 30, 2015, in Clark County, Nevada, Plaintiff was struck by a third-party driver and sustained serious injuries while occupying a 2007 Toyota Prius. *See* Complaint, on file with this Court, ¶ 6. Unfortunately, the third-party driver was uninsured. Plaintiff made a demand on Defendant for a policy limit payment under Plaintiff's uninsured motorist insurance policy with Defendant. *See generally*, *id.* Defendant denied Plaintiff's claim in bad faith and violated NRS 686A.310 as well.

Plaintiff initiated this action against Defendant in the Eighth Judicial District Court, Clark County, Nevada. *Id.* On February 2, 2017, Defendant removed the action to this Court invoking the Court's diversity jurisdiction. *Id.* On March 3, 2017, Plaintiff's counsel e-mailed Defendant's counsel and asked if Defendant would stipulate to remand the case to state court if Plaintiff agreed not to seek damages in excess of $50,000. Ex. 1, ¶ 2. Defendant did not respond to Plaintiff's offer. *Id.* To date, Defendant failed to offer any evidence of facts showing the amount in controversy exceeds $75,000. Defendant's petition for removal also fails to provide any facts establishing jurisdiction. This is because the amount in controversy in this matter does not exceed $75,000.

### III.   ARGUMENT

Courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). Where a defendant removes a plaintiff's state action on the basis of diversity jurisdiction, the defendant must either: (1) demonstrate that it is facially evident from the plaintiff's complaint that the

plaintiff seeks in excess of $75,000, or (2) prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional limit. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004). In considering what evidence may be considered under (2) above, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment[sic]-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). The Court "cannot base [its] jurisdiction on Defendant's speculation and conjecture." *Lowderkmilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1002 (9th Cir. 2007).

Defendant claims that the amount in dispute in this case meets the statutory requirement for the Court to exercise jurisdiction. Defendant, however, offers no evidence or facts on which this Court could find the amount in controversy exceeds $75,000, in its petition. Indeed, shortly after this Court raised the issue *sua sponte*, Plaintiff offered not to seek damages in excess of $50,000 in exchange for a stipulation for remand, but Defendant did not respond to the offer. In any event, Defendant must overcome a "strong presumption" against removal jurisdiction. *See Gaus*, 980 F.2d at 567. Defendant, however, has failed to provide this Court with any facts rebutting the presumption against jurisdiction and this case must be remanded to state court.

## IV.   CONCLUSION

In conclusion, this action must be remanded to state court because Defendant has failed to meet its burden of showing the amount in controversy exceeds $75,000.

GLEN LERNER INJURY ATTORNEYS


By:   /s/ Justin G. Randall
      Justin G. Randall, Esq.
      Nevada Bar No. 12476
      4795 South Durango Drive
      Las Vegas, Nevada 89147
      Attorneys for Plaintiff

3

### DECLARATION OF JUSTIN G. RANDALL

I, Justin G.. Randall, hereby declare as follows:

1.     I am an attorney with Glen Lerner Injury Attorneys, counsel of record for Sharron Salinas, Plaintiff in the above captioned action. I make this Declaration in support of Plaintiff's Motion to Remand Case to State Court for Lack of Subject Matter Jurisdiction. I am competent to testify to the matters stated herein, which are based on personal knowledge unless otherwise indicated, and would do so if requested.

2.     On March 2, 2017, I emailed Defendant's counsel, Andrew Smith and Thomas Winner, and explained that Plaintiff would agree not to seek damages in excess of $50,000 if Defendant would stipulate to remand the case to state court. To date, Defendant has not responded to Plaintiff's offer.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct and that this declaration was executed this 3rd day of March, 2017, in Las Vegas, Nevada.

                              */s/ Justin G. Randall*